UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**PATRICK GUNTHER, individually and as
a representative of the Class,**
      **Plaintiff,**

   v.                                                            Case No. 15-C-1461

**DSW INC.,**
      **Defendant.**
_____

### ORDER

The plaintiff, Patrick Gunther, alleges that DSW, Inc. violated the Fair Credit Reporting Act ("FCRA") by providing him with a deficient notice of its intent to procure a consumer report on him for employment purposes. *See* 15 U.S.C. § 1681b(b)(2)(a). The plaintiff does not allege that DSW's failure to provide him with proper notice caused him actual harm; rather, he seeks only statutory and punitive damages under the FCRA.

DSW has filed a motion to stay this case pending the Supreme Court's decision in *Spokeo v. Robins*, 135 S. Ct. 1892 (2015). The question presented in *Spokeo* is whether a party has Article III standing to bring a claim under the Fair Credit Reporting Act ("FCRA") if that party has experienced a violation of the Act but did not suffer actual harm as a result. DSW contends that the Court's resolution of this question will impact the present case, because the plaintiff does not allege that he suffered actual harm as a result of DSW's alleged failure to comply with § 1681b(b)(2)(a).

The Court heard oral arguments in *Spokeo* on November 2, 2015. The Court will issue a decision no later than June 2016—probably sooner. The present case is at the pleading stage, and it is unlikely that the parties will engage in significant discovery or motion practice before the Court issues its opinion. If the Court decides that a person

1

such as the plaintiff lacks standing to bring a claim under the FCRA, the defendant may at that time file an appropriate motion to either dismiss this case or enter summary judgment. However, the law as it stands allows the plaintiff to proceed with his claim. *See Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014). The mere possibility that the law might soon change is not a sufficient reason to delay this case.

Accordingly, the defendant's motion to stay this case is **DENIED**.

Dated at Milwaukee, Wisconsin this 1st day of March, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

2

Case 2:15-cv-01461-LA   Filed 03/01/16   Page 2 of 2   Document 22